FILED ___ ENTERED
___ LOGGED ___ RECEIVED

JAN 5 2014

AT GREENBELT
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FREDERICK D. BASS, JR. # 319880    \*

                                                               \*    Civil Action No. PWG-13-2789

Petitioner,    \*

                                      \*

v.    \*

                                      \*

MARYLAND PAROLE COMMISSION, *et al.*    \*

                                      \*

Respondents.    \*

                                      \*\*\*

## MEMORANDUM

Frederick Bass, an inmate in the custody of the Maryland Commissioner of Correction, claims his violation of probation hearing has been unlawfully delayed. As relief, he requests his immediate release from custody.[1] Respondents have answered the Petition for Writ of Habeas Corpus and request dismissal for lack of exhaustion. (ECF No. 3). Bass was provided an opportunity to reply but has not done so. (ECF No. 5). The matter is ready for disposition, and the Court deems a hearing unnecessary. *See* Loc. R. 105.6 (Md. 2014).

## DISCUSSION

Although 28 U.S.C. § 2241 does not contain a statutory exhaustion requirement, courts consistently require prisoners to exhaust their administrative remedies before seeking habeas review under § 2241. *See Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 490–91 (1973) (requiring exhaustion in 28 U.S.C. § 2241 matter); *Timms v. Johns*, 627 F.3d 525, 531

---

[1] After Bass submitted his claims on a pre-printed form for filing a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, the Court notified him his parole challenge is more appropriately considered pursuant 28 U.S.C. § 2241, and his filing would be so reviewed. (ECF No. 2). The Court also directed the Clerk to add the Warden of the Maryland Reception Diagnostics and Classification Center, where Bass is in custody, as a respondent. *See Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004) (stating when a § 2241 habeas petitioner is challenging his present physical custody, he should name his warden as respondent). (ECF No. 2).

(4th Cir. 2010) (noting courts require "exhaustion of alternative remedies before a prisoner can seek federal habeas relief") (internal quotation marks omitted). Exhaustion allows prison officials to develop a factual record and "an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court." *Jones v. Bock*, 549 U.S. 199, 204 (2007).

This petition is subject to the exhaustion requirement of 28 U.S.C. § 2254(b). *See Wilkinson v. Dotson*, 544 U.S. 74, 87 (2005) (The "prerequisites attached to habeas relief by 28 U.S.C. § 2254 . . . , such as exhaustion of state remedies, reliance on 'clearly established Federal law,' and deference to previous findings of fact, apply . . . to 'a person in custody pursuant to the judgment of a State court.'" (citing §§ 2254(b)(1), (d)(1), (e)(1)); *see also Francis v. Henderson*, 425 U.S. 536, 538 (1976) ("This Court has long recognized that in some circumstances considerations of comity and concerns for the orderly administration of criminal justice require a federal court to forgo the exercise of its habeas corpus power."); *see also Timms*, 627 F.3d at 531 (applying exhaustion requirements to § 2241 petition challenging civil commitment). The state courts must be afforded the first opportunity to review federal constitutional challenges to state convictions in order to preserve the role of the state courts in protecting federally guaranteed rights. *See Preiser v. Rodriguez*, 411 U.S. 475, 491 (1973).

Respondents have filed a copy of the Maryland Judiciary Case Search website which indicates Bass has not pursued habeas relief before the Maryland state courts in regard to his violation of probation hearing (Resp. Ans., Ex. 1). As Bass has not exhausted in state court his claim that he was not afforded a timely hearing, he has failed to exhaust his claim in state court and this matter will be dismissed without prejudice.

2

A petitioner has no absolute entitlement to appeal a district court's denial of his habeas corpus request. *See* 28 U.S.C. § 2253(c)(1). A Certificate of Appealability ("COA") may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). When a district court dismisses a habeas petition solely on procedural grounds, a COA will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.' " *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. Daniel*, 529 U.S. 473, 484 (2000)). Bass does not demonstrate entitlement to a COA.

## CONCLUSION

For these reasons, the Court will dismiss the Petition without prejudice for lack of exhaustion and will decline to issue a Certificate of Appealability. A separate Order follows.

_122914_
Date

_____
Paul W. Grimm
United States District Judge